# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| COREY BENNETT, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No.: 3:20-CV-22-HSM-DCP |
| DAVID WISE, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff Corey Alan Bennett, an inmate proceeding pro se, has filed the instant action for violations of 42 U.S.C. § 1983 [Doc. 2], along with a related motion seeking to proceed *in forma pauperis* ("IFP") in this action [Doc. 1].

## I. APPLICATION OF THE "THREE STRIKES" RULE

The Court finds that Plaintiff is barred from proceeding IFP because of the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). This provision provides that an inmate may not proceed IFP in a civil action if he has had three or more cases dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g) (quotation marks omitted).

Plaintiff has filed dozens of § 1983 lawsuits in federal court, and each United States District Court in Tennessee has held him subject to the three strike rule: *See, e.g., Bennett v. Parker,* No. 3:19-CV-320 (M.D. Tenn. Apr. 29, 2019) (noting Plaintiff's previous dismissals under § 1915(g) in the Middle, Eastern, and Western Districts of Tennessee in *Bennett v. R.M.S.I. Trust Fund Dep't et al.*, No. 3:14-CV-1691 (M.D. Tenn. Sept. 29, 2014)); *Bennett v. Jones*, No. 3:13-CV-626 (E.D.

Tenn. Nov. 12, 2013); and *Bennett v. Roberts*, No. 1:14-CV-113 (W.D. Tenn. May 21, 2014)).

Accordingly, the Court finds that Plaintiff has abused his *in forma pauperis* privileges. Therefore, Plaintiff cannot file the instant suit, or any future suit, as a pauper unless he can demonstrate that he is in imminent danger of serious physical harm. 28 U.S.C. § 1915.

## II. IMMINENT DANGER

The imminent danger exception, as explained in *Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580 (6th Cir. 2013), "is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Id*. at 585 (quoting *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011)). The exception applies where the pleading contains "a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). Plausibility in this context means that a court informed by its "'judicial experience and common sense,' could 'draw the reasonable inference'" that a plaintiff faced an existing danger when he filed the pleading. *Taylor v. First Med. Mgmt*., 508 F. App'x 488, 492 (6th Cir. 2012)).

Here, Plaintiff alleges that while housed at the Knox County Detention Facility ("KCDF"), he reported to staff that another inmate had threatened to rape Plaintiff and had forced Plaintiff to touch the inmate's genitals [Doc. 2 p. 5]. Plaintiff maintains that officers failed to intervene, and that he was subsequently raped by the inmate on Saturday, December 21, 2019, which resulted in rectal tears and bleeding [*Id*.]. Plaintiff contends that he was denied medical treatment [*Id*.]. Plaintiff also alleges that the day after he was raped, he was beaten up and had feces thrown on him by two inmates in his pod [*Id*. at 6]. On December 23, 2019, Plaintiff contends he was interviewed by two Knox County detectives and taken to the Sexual Assault Center of East Tennessee for a rape examination [*Id*.].

Plaintiff states that he was returned to the KCDF after the rape examination was completed, and that he again requested medical treatment due to "severe" rectal bleeding [*Id*.]. Plaintiff asserts that several Defendants told him that he had lied about being raped and "slammed [him] to the ground" while "punching and kicking" him, which left him with lacerations and two black eyes [*Id*.]. Plaintiff asserts that they then forced him back in the same pod with the inmate who raped him [*Id*.].

Plaintiff maintains that by Thursday, December 26, 2019, he had not received medical attention for the injuries he received in the assault by KCDF officers [*Id*. at 7]. He states that his health began deteriorating from blood loss so severe that he began "going in and out of consciousness" [*Id*.]. During an interview with KCDF officers on Monday, December 30, 2019, Plaintiff advised the officers that he intended to "file a lawsuit for the imminent danger" the officers created by refusing to move him to another pod [*Id*.]. Plaintiff asserts that the officers then stated that it was not illegal for Plaintiff to be in the same pod with the inmate who raped him "as long as [Plaintiff and the perpetrator] don't come out together" [*Id*.].

On January 1, 2020, Plaintiff contends, an unnamed KCDF officer made a mistake and let both Plaintiff and the inmate who raped him out at the same time [*Id*.]. Plaintiff claims he was raped again [*Id*.]. Plaintiff maintains that he was interviewed by KCDF officers on January 3, 2020, and that the officers refused "to do anything about this and left me in the same pod . . . and denied [Plaintiff] medical treatment" [*Id*.]. Plaintiff alleges that he was again interviewed by two KCDF officers on January 6, 2020, and these officers attacked him, resulting in several "severe lacerations and cuts" to Plaintiff's forehead [*Id*.].

Tennessee courts have found that Bennett "has a documented history of fabricating allegations of sexual abuse and beatings." *See Bennett v. Brown*, 3:18-CV-603 (M.D. Tenn. June

21, 2019) (citing *Bennett v. Mays*, 3:19-CV-406) (M.D. Tenn. June 18, 2019)). In fact, Plaintiff has admitted to filing false allegations of "imminent danger" when frustrated, and he has been warned that he could be sanctioned for continuing his vexatious filing practices. *Bennett v. Parker*, 3:19-CV-456 at Doc. 8 p. 4-5 (M.D. Tenn. June 18, 2019).

This Court's review of Plaintiff's allegations is necessarily informed by his history of fabricated pleadings and repeated abuses of his IFP privileges. While Plaintiff has attached records from the Sexual Assault Center of East Tennessee to support his allegations [Doc. 2 p. 10-18], these records demonstrate only that KCDF officers responded to Plaintiff's rape allegations with concern for his need for treatment. The records do not establish that a rape occurred, and they belie Plaintiff's allegations that different officers beat him on several occasions, allowed him to be raped, and denied him medical treatment. In fact, the Court finds that Plaintiff's complaint sets forth factual scenarios that are "irrational and wholly incredible" when considering his vexatious litigation history. *Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008) (holding "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)"); *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012) ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception"). Accordingly, Plaintiff cannot rely on the imminent danger exception, and his motion for leave to proceed IFP will be **DENIED**.

### III. CONCLUSION

Accordingly:

1. Plaintiff's motion to proceed IFP [Doc. 1] will be **DENIED**;

4

2. Plaintiff's complaint will be **DISMISSED** without prejudice to Plaintiff prepaying the filing fee pursuant to the three-strike rule of 28 U.S.C. § 1915(g); and

3. The Court **CERTIFIES** that any appeal from this decision would not be taken in good faith and would be totally frivolous, such that any request for leave to proceed IFP on any subsequent appeal will be **DENIED**.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**ENTER:**

*/s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE